OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Although the Appellate Division’s order recites that it is “on the law” rather than “on the law and the facts,” CPLR 5612 (subd [a]) permits us (contrary to prior practice see
 
 Rugg v State of New York,
 
 303 NY 361) to look to “any order of the Appellate Division and to its opinion” to determine whether it resolved factual issues in reaching its conclusion (Second Preliminary Report, Advisory Committee on Practice and Procedure [NY Legis Doc, 1958, No. 13], p 362). The majority opinion below recites in relation to Special Term’s holding that its “analysis of the facts leads us to the opposite conclusion.” (85 AD2d, p 734.) Accordingly, the issue for our determination is which, between the view of the two courts below, the weight of the evidence supports.
 

 Considering the record against the factors referred to in
 
 Matter of Westchester County Civ. Serv. Employees Assn. v Cimino
 
 (58 AD2d 869, affd 44 NY2d 985) and
 
 Matter of Conlin v Aiello
 
 (64 AD2d 921, affd 49 NY2d 713), we conclude that the weight of the evidence supports the
 
 *661
 
 conclusion reached by the Appellate Division majority. Neither the fact that the same duties are performed by the contractor’s employees as were performed previously by the district’s employees nor that the contract may be terminated on notice is determinative. Moreover, all of the
 
 Westchester
 
 criteria except supervision and control are unequivocally met and the good faith of the district is demonstrated by the savings in excess of $100,000 a year which, as the Trial Judge found, result from the district’s use of Star personnel in place of its former guard employees.
 

 Although because of the monitoring and communications system that protected the district’s buildings there was a necessary interrelationship between work of Star’s guards and that of the district’s employees, the latter neither supervised nor controlled the former. As concerns supervision, although district personnel were used as message conduits between Star officials and the Star guards assigned to the district, there was supervision by Star of its employees to the extent that the nature of the work required supervision. As to control, although district employees (the chief and the captain) continued to operate the monitoring devices which alerted them to problems in the several buildings, and could keep in touch with Star personnel by beeper or by telephone, they did no more than pass on to the Star employee in whose assigned area a disturbance occurred the relevant information. The action taken by the Star employee in response to that information was pursuant to the contract rather than either an order or a request by the district employee.
 

 No more determinative were the other factors relied on by the Trial Judge and the dissenters below. Star guards directed traffic and delivered mail because the contract called for them to do so and used district equipment because the district already owned it and would have had to pay Star more to supply such equipment for a year than it would have cost to purchase the equipment new. Star employees checked in and out with the district’s employee so that he would know what posts were manned and that the district would have a check on the hours worked by Star employees to compare with Star’s bills.
 

 
 *662
 
 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur; Judge Gabrielli concurs in result only.
 

 Order affirmed, with costs, in a memorandum.