OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, with costs to appellants, by reversing so much of the order as granted judgment to defendant and dismissed the complaint, and by reinstating the order of Trial Term, which ordered a new trial, and as so modified, affirmed.
Plaintiffs contend that defendant’s private sale of stock held as collateral was improper under section 9-504 of the Uniform Commercial Code because the sale price was unreasonably low. At trial, plaintiffs presented evidence from which the jury could have inferred that the corporation’s sole asset, an oil tanker, was worth at least $1,650,000 at the time of the sale. The trial court set aside 0 the verdict for plaintiffs as against the weight of the evidence and ordered a new trial.
The Appellate Division went one step further and entered judgment for defendant. In doing so, that court made new factual findings and thereby substituted itself for the jury. The Appellate Division had the power only to order a new trial in such circumstances unless there was insufficient evidence to support the verdict (see Cohen v Hallmark Cards, 45 NY2d 493, 498). There having been sufficient evidence, it was error to enter judgment for defendant.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
Order modified, with costs to appellants, in accordance with the memorandum herein and, as so modified, affirmed.