OPINION OF THE COURT

Per Curiam.

Special Term granted plaintiff-husband a divorce and directed distribution on a 72 to 28 ratio of the marital premises, household furnishings and automobile, but concluded that neither party was entitled to any share of the pension rights of the other. The facts and reasoning on which the distribution provisions of the judgment were based are reported at 110 Misc 2d 402.
*402 In a memorandum and order, both of which stated that its disposition was “on the law,” the Appellate Division modified. Despite the statement that its disposition was on the law, however, the memorandum stated that “[pjlaintiff admitted at trial that he had explained to defendant that the money in the Thrift Fund was intended for the couple’s retirement. Thus, it is clear that defendant, as well as plaintiff, had the expectation of the future enjoyment of the savings contained therein upon plaintiff’s retirement”. (96 AD2d, at p 832.) On that apparently factual basis it modified Special Term’s judgment by directing that defendant be paid a distributive award of 28% of plaintiff’s Thrift Fund account, but made no mention of the defendant’s pension rights.
On appeal to this court plaintiff argues that the Appellate Division’s modification was in the exercise of discretion and constituted an abuse of discretion as a matter of law and that in any event it erred on the law in holding that the same percentage must be applied to all marital assets, and in failing to take into account the tax consequences of the distribution it ordered. The Appellate Division’s order failed to state, as required by CPLR 5712 (subd [c], par 1), whether Special Term’s findings of fact were affirmed. That requirement should not be disregarded for, as the Legislature recognized in imposing it, intelligent review of the Appellate Division’s order is hampered if we are not made aware of how it dealt with the facts. The omission does not, however, as it would have prior to adoption of the CPLR (see Rugg v State of New York, 303 NY 361), require us in every case to remit to the Appellate Division. Under CPLR 5612 (subd [a]) we may now “look to any order of the Appellate Division and to its opinion” to determine whether it resolved factual issues or acted in the exercise of discretion in reaching its conclusion (Second Preliminary Report, Advisory Committee on Practice and Procedure [NY Legis Doc, 1958, No. 13], p 362; Matter of Nassau Educational Ch. of Civ. Serv. Employees Assn. v Great Neck Union Free School Dist., 57 NY2d 658, 660).
The difficulty in the present instance is that it is not possible to discern from the memorandum why defendant’s *403 pension rights were disregarded, or whether in ordering a distributive award to defendant of 28% of plaintiff’s Thrift Fund it was acting in the exercise of discretion or, as plaintiff argues, on the basis that as a matter of law the same percentage award was to be applied to all marital assets. It is, therefore, necessary to remand to the Appellate Division so that it may comply with CPLR 5712, or may exercise its discretion, if it be so advised. In the latter connection we note that, as we have recently held in Majauskas v Majauskas (61 NY2d 481), the authority of the Appellate Division to determine whether marital property shall be distributed or a distributive award shall be made in lieu of, or to supplement, facilitate or effectuate a distribution of marital property is as broad as that of the Trial Judge, but that when it substitutes its discretionary determination for that of Special Term it is required by section 236 (part B, subd 5, par g) of the Domestic Relations Law to “set forth the factors it considered and the reasons for its decision”.
For the foregoing reasons, the order of the Appellate Division should be reversed and the matter remitted to that court for further proceedings in conformance with this opinion.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur in Per Curiam opinion.
Order reversed, with costs, and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein.