SANFORD LEIGH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; JANE ELLEN LEIGH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Leigh v. Commissioner
Docket Nos. 15154-83, 24240-83.
United States Tax Court
T.C. Memo 1986-462; 1986 Tax Ct. Memo LEXIS 144; 52 T.C.M. (CCH) 603; T.C.M. (RIA) 86462; September 22, 1986. Seymour Reitknecht, for the petitioner in docket No. 15154-83. Allan H. Carlin, for the petitioner in docket No. 24240-83. Robert Fernandez, for the respondent. WRIGHT
MEMORANDUM OPINION WRIGHT, Judge: In these consolidated cases, respondent determined deficiencies and addition to tax in petitioners' 1979 Federal income taxes as follows: Addition to Tax
Petitioner
Docket No.
Deficiency
[1] Sec. 6651(a) Sanford Leigh
15154-83
$3,962.88
Jane Ellen Leigh
24240-83
$1,626.00
$162.60
After concessions, the issue for our consideration is whether payments made to Jane Ellen Leigh during 1979 pursuant to a modified divorce decree constitute periodic payments deductible by Sanford Leigh under section 215 and includable in income by Jane Ellen Leigh under section 71(a). All of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are *146 incorporated herein by this reference and are adopted as our findings of fact. The pertinent facts are summarized below. Petitioners Sanford Leigh and Jane Ellen Leigh resided in New York, New York, at the time they filed their petitions. They filed individual Federal income tax returns for taxable year 1979 with the office of Internal Revenue at Holtsville, New York. Sanford Leigh and Jane Ellen Leigh were formerly husband and wife. They were married on December 31, 1961, in New York City. Two children were born of their marriage: Derek Leigh, on July 5, 1963, and Jennifer Leigh, on August 18, 1964. On May 12, 1977, petitioners were divorced pursuant to a Judgment of Divorce at a Special Term of the Supreme Court of the State of New York, New York County (New York State Supreme Court). Such Judgment of Divorce was entered following a decision after trial on April 29, 1977, and was rendered by Justice Hughes of the New York State Supreme Court. Although the decision after trial simply provided that Sanford Leigh was to pay Jane Ellen Leigh the sum of $700 per week as alimony and child support, the fourth decretal paragraph of the Judgment of Divorce which was signed by *147 Justice Hughes allocated the payments to be made by Mr. Leigh. Specifically, $350 per week was allocated to alimony and $175 per week was allocated for the support of each child, for a total payment of $350 per week for child support. Subsequently, on June 28, 1977, a Resettled Judgment of Divorce (sometimes referred to as the "original divorce decree") was entered which established provisions for support and maintenance of the wife and children identical to those contained in the Judgment of Divorce. Petitioners filed cross-appeals in the Appellate Division, First Judicial Department of the New York State Supreme Court. In conjunction with his appeal, Mr. Leigh sought modification of the original divorce decree so as to reduce the amount of alimony and child support to $200 per week. [2] On June 6, 1978, the Appellate Division entered an order which stated: It is ordered that the cross-motion be and the same hereby is granted only to the extent of reducing the amount of alimony and support payments to $400 per week pending hearing and determination of the appeals and subject to retroactive adjustments upon determination thereof. *148 Thereafter, on December 21, 1978, the Appellate Division rendered two decisions. In one, the court clarified the effective date of the reduced alimony and child support award, declaring that it was June 6, 1978, the date of its earlier order. Second, the Appellate Division issued a decision further modifying the Resettled Judgment of Divorce. In its decision, which vacated and remanded certain portions of the original divorce decree, the court noted that "[a]pparently incorrect standards were utilized for fixation of alimony and child support." By order to show cause dated May 21, 1979, Mr. Leigh again moved, in the New York State Supreme Court, for a reduction in child support. This motion was subsequently denied as moot because of the Appellate Division remand. [3]
On May 24, 1979, the Appellate Division entered an order based on its decision of December 21, 1978. The third decretal paragraph of the order stated *149 in pertinent part as follows: ORDERED that the fourth decretal paragraph of the Resettled Judgment of Divorce, be and the same is hereby modified to remand for a re-hearing to the Supreme Court, New York County, on the questions of alimony and child support and to make a new determination thereon * * * pending which the provisions of that paragraph shall as modified ad interim by the Order of this Court of June 6, 1978, and as clarified as to the effective date of the reduction * * * remain in effect; * * * Following a motion made by Mrs. Leigh seeking clarification and reconsideration of its decision of December 21, 1978, the Appellate Division on March 4, 1980, rendered another order. This order declared that since the original divorce decree had been reversed "as calculated on erroneous considerations," the effective date of the reduced alimony and child support award was the date of the original judgment. To the present date, neither party has sought a rehearing for a new determination of alimony and child support. During the taxable year in issue, Mrs. Leigh had custody of the minor children of the marriage. On his 1979 tax return, Mr. Leigh deducted $20,100 that he *150 paid to Mrs. Leigh during 1979 as alimony. On her 1979 tax return, Mrs. Leigh reported $8,000 of the payments that she received from Mr. Leigh during 1979 as alimony. In his notices of deficiency, respondent took inconsistent positions in order to protect his interest, by disallowing the difference between the amount of the husband's deduction and the amount reported by the wife as income. Although respondent issued protective notices of deficiency, both respondent and Mr. Leigh argue that the full amount of the 1979 support payments is includable in Mrs. Leigh's gross income and therefore deductible by Mr. Leigh. Mrs. Leigh, on the other hand, maintains that the 50%/50% allocation between the alimony and child support payment contained in the original divorce decree should endure for tax purposes, notwithstanding subsequent modification. [4] Further, Mrs. Leigh contends that her former husband ratified an allocation of his support burden between alimony and child support by his motion in which he which sought a reduction in his child support payment by $100 per week because one of the minor children allegedly resided with him. Accordingly, Mrs. Leigh argues that the disputed *151 portion of the payments constitutes child support. *152 The applicable legal principles are indisputable. [5] Section 215 [6] permits a husband to deduct payments made during his taxable year which are includable under section 71 in the gross income of his former wife. Section 71(a)(1) [7] includes in a wife's gross income periodic payments received under a decree of divorce in discharge of a legal obligation which because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce. Section 71(b) [8] creates an exception to section 71(a)(1) and provides that such payments are excludable from a wife's income to the extent that the instrument or agreement "fixes" a sum of money or a part of the amount which is payable for the support of minor children. Similarly, section 1.71-1(e), Income Tax Regs., states in pertinent part: If * * * the periodic payments are received by the wife for the support and maintenance of herself and of minor children of the husband without such specific designation of the portion for the support of such children, then the whole of such amount is includable in the income of the wife * * *. *153 The Supreme Court, in Commissioner v. Lester,366 U.S. 299 (1961), set forth the rules for determining whether a separation agreement or decree sufficiently fixes payments as child support. [9] in Lester, a case decided under a similarly worded predecessor to section 71(b), the Court considered a separation agreement providing for periodic payments to the wife that were to be reduced by one-sixth when each of the three children married, became emancipated, or died. Analyzing carefully the legislative history of the statute, the Court concluded that -- [t]he agreement must expressly specify or "fix" a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that "a sufficiently clear purpose" on the part of the parties is sufficient to shift the tax. It says that the "written instrument" must "fix" that "portion of the payment" which is to go to the support of the children. Otherwise, the wife must pay the tax on the whole payment. We are obliged to enforce this mandate of Congress. Commissioner v. Lester,supra at 303. *154 The Court refused to take into account the intent of the parties based on inferences to be drawn from the reduction clauses, and concluded that when the agreement does not fix the payments of child support, speculation about actual intent is irrelevant under section 71. 366 U.S. at 305. See also Mass v. Commissioner,81 T.C. 112, 122-123 (1983). Similarly, extrinsic evidence of the actual use of the payments by their recipient, the subsequent conduct of the parties, and the importance to the parties of the tax consequences under sections 71 and 215 is irrelevant to the Lester inquiry. Mass v. Commissioner,supra at 123; Gotthelf v. Commissioner,48 T.C. 690, 694 (1967), affd. 407 F.2d 491 (2d Cir. 1969); Grummer v. Commissioner,46 T.C. 674, 679 (1966). With respect to the divorce proceedings in issue here, the pertinent New York statute [10] provides that a court *155 in connection with a decree of divorce has continuing jurisdiction to amend or modify such divorce decree. Further, it is well settled that the discretionary power of the Appellate Division is as broad as those powers in the Special and Trial Terms of the New York State Supreme Court. [11]
Thus, it is clear that while the original divorce decree provided for fixed child support payments, the court has power to subsequently modify maintenance and support awards as it sees fit under the particular circumstances of each case. As we pointed out earlier, however, where an amount for child support is not fixed, speculation as to the parties' intent, *156 or the court's for that matter, is an irrelevant factor. Even if it were relevant, there is no basis for reasoning that the Appellate Division intended that payments made under the modified divorce decree, which reduced the overall amount of the award, be allocated between alimony and child support in the same percentages as contained in the original decree. Indeed, the court's decision of December 21, 1978, and subsequent orders evidence a contrary intention. We also note that both petitioners were represented by counsel at all times during the protracted litigation in the divorce proceedings and had numerous opportunities to request that the Appellate Division of the New York Supreme Court clarify whether the $400 per week was to be specifically allocated between alimony and child support and in what proportions. However, neither party did so at any stage of the appellate proceedings. [12] Further, despite the fact that the Appellate Division remanded the case to the trial court in December 1978, for the purpose of a rehearing, including a new determination as to alimony and child support, neither party requested a rehearing during 1979, and still has not done so. *157 Since neither the modified divorce decree nor subsequent orders fix, in terms of an amount of money or a portion of the payment, a sum which is payable for the support of the minor children, the payments made for maintenance and support do not come within the provisions of section 71(b) as constituting payments to support minor children. [13] Accordingly, the payments made by Mr. Leigh to Mrs. Leigh in 1979 pursuant to the modified decree constitute alimony which is deductible by petitioner Mr. Leigh under section 215. To reflect concessions and the foregoing, Decisions will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year here in issue, unless otherwise indicated.↩
2. The submitted record does not contain copies of petitioners' cross-appeals or the numerous other motions that were filed in the divorce proceedings.↩
3. After the court's denial of his motion, Mr. Leigh filed an affidavit, dated September 13, 1979, in which he stated that he had moved for a reduction of his support payments by the sum of $100 per week inasmuch as his daughter had come to live with him.↩
4. Mrs. Leigh relies on Archambault v. Commissioner,T.C. Memo. 1970-234 and Toole v. Commissioner,T.C. Memo. 1974-280 as support for her position. That reliance is misplaced inasmuch as the facts in those cases are distinguishable from those here. In both Archambault and Toole, the parties entered into a separation agreement which was subsequently merged into the divorce decree. The separation agreement in each case specifically designated weekly payments for child support. In those cases, this Court relied on Thomson v. Commissioner,42 T.C. 825, 833-835 (1964), affd. sub nom. Metcalf v. Commissioner,343 F.2d 66↩ (1st Cir. 1965) (separation agreement is an enforceable contract) and concluded that such agreements remained in full force and were not rendered void by a subsequent modified divorce decree or decree of separate support. Here the parties did not enter into either separation or settlement agreements prior to issuance of the divorce decree. In fact, since the divorce proceedings were so acrimonious it appears that the court was required to make all determinations respecting support and maintenance, custody, and division of property.
5. It should be noted that sections 71 and 215, as referred to here, were amended by Public Law 98-369, 98 Stat. 795-799 (1984). Therefore, all references to sections 71 and 215 relate to those sections as applicable to the taxable year in issue. ↩
6. SEC. 215. ALIMONY, ETC., PAYMENTS. (a) General Rule. -- In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if by reason of section 71(d) or 682, the amount thereof is not includible in the husband's gross income. ↩
7. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. -- (1) Decree of divorce or separate maintenance. -- If a wife is divorced * * * from her husband under a decree of divorce * * *, the wife's gross income includes periodic payments * * * received after such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce * * * ↩
8. SEC. 71(b). Payment to Support Minor Children. -- Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband.↩
9. Congress, in enacting substantial revisions to sec. 71 to become effective after 1984, specifically noted that the Lester↩ rules were part of the current law. H. Rept. 98-432 (pt. 2) 1494 and n. 8 (1984).
10. N.Y. Dom. Rel. Law § 236 (McKinney 1977). This section was amended in 1980 and now appears at N.Y. Dom. Rel. Law § 236A↩ (McKinney 1986).
11. Northern Westchester Professional Park Assoc. v. Town of Bedford,62 N.Y.2d 399, 470 N.Y.S.2d 350, 458 N.E.2d 809 (1983) and cases cited therein. See also Kobylack v. Kobylack,62 N.Y.2d 399, 477 N.Y.S.2d 109, 465 N.E.2d 829 (1984); Majauskas v. Majauskas,61 N.Y.2d 481, 474 N.Y.S.2d 699, 463 N.E.2d 15↩ (1984).
12. We find this significant since there was a comment made at trial that Mrs. Leigh's matrimonial attorney had requested that Justice Hughes provide for a specific allocation of the $700 per week award in the Judgment of Divorce entered June 28, 1977, since his earlier decision of April 1977, was silent as to allocation.↩
13. See Hizel v. Commissioner,T.C. Memo. 1980-294↩.