■ Christoforou v Lown.—Motion for leave to appeal to the Court of Appeals denied, with $20 costs. Concur—Murphy, P. J., Sullivan and Ross, JJ.

Kassal, J., dissents in a memorandum as follows: I disagree with the conclusion reached by my colleagues and would grant the motion pursuant to CPLR 5602 (a) for permission to appeal to the Court of Appeals. In my view, the issues raised are sufficiently novel and unique so as to warrant further review by our highest court.

The majority reversed and vacated the judgment entered on a jury verdict in favor of plaintiffs and dismissed the complaint, concluding, as a matter of law, that plaintiffs did not establish a prima facie case of negligence and that expert testimony was required to prove the inadequacy of the lighting in the hallway (120 AD2d 387). Clearly, these are legal determinations, within the jurisdiction of the Court of Appeals to review.

In my judgment, the proof offered on plaintiffs' direct case

posed a jury issue on whether there was a dangerous or defective condition by reason of the insufficiency of the hallway lighting, the absence of a handrail to aid persons in descending steps and the fact that the marble steps and the floor were of the same pale, off-white color. Plaintiff's testimony that it was "too dark" to see the steps made out a prima facie case of common-law negligence and did not require expert testimony to sustain plaintiff's burden of proof. (Richardson, Evidence § 367 [Prince 10th ed]; Fisch, New York Evidence §§ 413, 414 [2d ed].) In requiring that expert proof be adduced on matters of common knowledge and experience, my colleagues, in my opinion, have departed from established jurisprudence, with far-reaching implications. This issue is novel when judged by the operative standard for review in the Court of Appeals. Interestingly, the defendants offered no expert, either on the lighting or the need for a handrail, and relied solely upon the testimony of the building superintendent that the 40-watt fluorescent light provided sufficient illumination.

The issues of negligence, breach of duty, foreseeability, proximate cause and comparative negligence were matters within the province of the jury to evaluate and decide. In addition, since it is undisputed that plaintiff was injured while following the instructions of defendants' employee in the use of defendants' premises, an additional jury issue is presented to determine if there was a breach of any duty to warn. These issues are novel and unique in the context of the majority's determination and should be reviewed by the Court of Appeals.

Furthermore, notwithstanding the recital in our order that the reversal was on the law and. on the facts, our disposition was solely on the law. The recital does not divest the Court of Appeals of jurisdiction to review a substantial question of law, nor preclude it from looking beyond the form of the order to ascertain its substance. *(Matter of Nassau Educ. Ch. v Great Neck Union Free School Dist.,* 57 NY2d 658, 660; *People v Johnson,* 47 NY2d 124, 126; *Otten v Manhattan Ry. Co.,* 150 NY 395, 401, wherein it was observed that an appellate court "cannot create a question of fact by declaring that there is one, nor, by assuming to reverse on the facts, reverse a determination that does not involve a question of fact.")

Inasmuch as this case was tried as of right before a jury, this court was "without power to make a final determination on the facts contrary to that of the jury; its jurisdiction as regards the questions of fact being limited to ordering a new

trial." (Cohen and Karger, Powers of the New York Court of Appeals § 135, at 556 [rev ed]; *see also, Sumner v Extebank,* 58 NY2d 1087, 1089; *Cohen v Hallmark Cards,* 45 NY2d 493, 498.) Moreover, even assuming that such appellate power did exist to make new factual findings, as in a nonjury case, the order does not specify the findings of fact which were reversed nor set forth any new factual findings which were made and, therefore, the reversal is on the law, not on the facts. *(See,* Cohen and Karger, Powers of the New York Court of Appeals § 130, at 539 [rev ed]; *Hart v Blabey,* 287 NY 257, 261.)