PAUL COXEN et al., Appellants, v GEORGE MEYER et al., Respondents.

Second Department, July 27, 1987

### APPEARANCES OF COUNSEL

*Martin Bradley Ashare, County Attorney (Robert J. Cimino* of counsel), for respondents.

*Lester B. Lipkind* for appellants.

### OPINION OF THE COURT

SULLIVAN, J.

In this declaratory judgment action, the plaintiffs, whose names appear on civil service lists for various engineering positions, challenge the manner in which the defendants have provided for the required inspection and supervision of the Southwest Sewer District project. This massive public works project, the largest ever undertaken by Suffolk County, was financed in large part by Federal and State aid. Under the terms of agreements entered into by the county and the appropriate Federal and State agencies, the county was required to provide inspection and supervision of the construction and to submit periodic reports to the funding agencies. The construction of a project of such magnitude was far beyond the capacity of the county to perform with its own employees. The county thus entered into a number of contracts with private firms to design and build this project. Among these contracts was one with Bowe, Walsh Associates (hereinafter Bowe, Walsh) which was retained as engineering consultant to provide the inspection, supervision and reporting functions mandated by the Federal and State agreements.

In March 1980 when the project was in its final stages, the county terminated the contract with Bowe, Walsh and was faced with the dilemma of continuing adequate inspection of the project or stopping construction. The county's response to this situation was twofold: it entered into negotiations with the defendant, John J. Kassner & Co., Inc. (hereinafter Kassner), to take over the Bowe, Walsh contract, and hired the

former Bowe, Walsh employees as temporary county employees under Civil Service Law § 64 (3).

After a number of the former Bowe, Walsh employees had been hired as temporary county employees, the county entered into a contract with the defendant Kassner on July 8, 1980, to perform the engineering consulting work formerly performed by Bowe, Walsh. In the meantime, the plaintiffs initiated a proceeding under CPLR article 78 seeking to review the temporary appointments, and for retroactive appointment to the positions. In a decision dated September 19, 1980, Justice Gowan granted the petition to the extent of revoking those temporary appointments to positions for which there were existing civil service lists. However, mindful of the necessity for continuous supervision of this project, Justice Gowan provided that the revocations should occur only upon the appointment of replacements from the civil service lists. The county appealed to this court from the judgment entered upon that decision, invoking the statutory stay under CPLR 5519 (a) (1). This court affirmed the judgment on May 26, 1981 *(Matter of Coxen v Meyer,* 81 AD2d 1044).

During the pendency of the appeal, the temporary employees continued to provide engineering supervision. Following the decision of this court, the county implemented its contract with Kassner who proceeded to hire the temporary employees to continue the inspection and supervision services. In the main, the current Kassner employees were originally Bowe, Walsh employees who had performed the same engineering supervision work for this extensive sewer project as employees of Bowe, Walsh.

The plaintiffs commenced the instant action in 1982, basing their claims upon NY Constitution, article V, § 6, which provides that: "Appointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive".

Our Constitution thus mandates that employees of the State and all of its subdivisions shall be selected on merit and not by the spoils system. However, there is no constitutional mandate that all services furnished or labor performed for a governmental agency must be supplied by persons directly employed by the governmental agency *(see, Matter of Corwin v Farrell,* 303 NY 61, 66). In fact, NY Constitution, article I,

§ 17 and article IX, § 2 specifically refer to the performance of public work by contractors and subcontractors of governmental units.

It has been said that the command of NY Constitution, article V, § 6 is addressed to the "conventional and stable duties of the functionaries of civil government" *(Matter of Social Investigator Eligibles Assn. v Taylor,* 268 NY 233, 237). The construction of buildings, roads, tunnels, bridges and other public improvements has long been recognized as beyond such "conventional and stable duties of the functionaries of civil government" and an appropriate matter to be performed by private contractors without violating NY Constitution, article V, § 6 *(see, Matter of Corwin v Farrell, supra,* at 66-67). The rationale for such an exception is readily understandable. A large construction project usually requires a fluctuating supply of workers over a limited period of time, varying in number dependent on the stage of completion. It is not an ongoing event. Once the project is finished, those who built it are no longer needed. It would not be prudent for government to attempt such large projects with its own work force where to do so would result in either unduly prolonging the time of completion of the project or enlarging the public work force beyond that needed for the conventional and stable duties of government. This applies as well to contracts with private architectural and engineering firms which render necessary services in connection with such projects *(see, Matter of Civil Serv. Tech. Guild v LaGuardia,* 181 Misc 492, *affd* 267 App Div 860, *affd* 292 NY 586; *Matter of Hardecker v Board of Educ.,* 180 Misc 1008, *affd* 266 App Div 980, *affd* 292 NY 584).

In recent times, governmental agencies have been permitted to retain private contractors to perform certain functions that are more routine than major construction projects, without violating NY Constitution, article V, § 6. In this type of situation the courts will examine the contract carefully to be certain that it is not a subterfuge to subvert or bypass the requirements of NY Constitution, article V, § 6. The bona fides of the governmental units in entering into such contracts is usually demonstrated by a significant cost saving in having the work done by private contractors rather than by government employees. Contracts permitting private contractors to provide guards for schools *(see, Matter of Nassau Educ. Ch. v Great Neck Union Free School Dist.,* 57 NY2d 658), watchmen at a county medical center *(see, Matter of Westchester County*

*Civ. Serv. Employees Assn. v Cimino,* 58 AD2d 869, *affd* 44 NY2d 985), and custodial services in schools *(see, Matter of Conlin v Aiello,* 64 AD2d 921, *affd* 49 NY2d 713) have been upheld. However, even when such contracts will result in cost savings, they must satisfy certain other criteria in order to be valid.

In *Matter of Westchester County Civ. Serv. Employees Assn. v Cimino (supra),* we held that a contract for the provision of services by the private sector to government can be challenged as violative of NY Constitution, article V, § 6 when the private contractor's employees are not independent of the government but are controlled and supervised by government officials. In *Matter of Conlin v Aiello (supra),* we elaborated on the factors to be considered in determining the validity of a contract between a governmental agency and a private contractor: (1) the agency may not fix salaries, although it may require certain minimum wages, (2) the agency may not fix the hours of employment of individual employees, (3) the agency may not control the terms and conditions of employment although it may, and should, detail the services that must be performed and the frequency of performance, (4) the agency may not control the hiring practices of the contractor, although it may require the hiring of licensed persons where necessary and that there be affirmative action in hiring minorities, (5) the contractor must supply his own supervision, and (6) the contractor must be responsible for the payment of all pension and welfare benefits, taxes and insurance pertaining to its employees. These factors were adopted and applied by the Court of Appeals in *Matter of Nassau Educ. Ch. v Great Neck Union Free School Dist. (supra).*

An examination of the contract between the county and Kassner indicates that these criteria have all been met and that the contract is not in violation of NY Constitution, article V, § 6. The fact that the duties performed by the contractor's employees are identical with certain civil service titles does not require a different result *(see, Matter of Westchester County Civ. Serv. Employees Assn. v Cimino, · supra).* The further fact that governmental officials tell the contractor's employees where to go to do the work required by the contract does not constitute such a degree of control by the government as to invalidate the contract *(see, Matter of Nassau Educ. Ch. v Great Neck Union Free School Dist., supra).*

The plaintiffs in this action never contested the contract for engineering consultant services between the county and Bowe,

Walsh. There is no essential difference in the services to be performed under the contract between the county and Kassner. Both contracts were ancillary to a major public works program that was not part of the "conventional and stable duties of [civil] functionaries". They were transient in nature, dependent on and interrelated with the progress of the construction, and could be performed by outside contractors without violating the constitutional mandate applicable to civil service.

In response to the defendants' motion for summary judgment, the plaintiffs failed to present facts showing that there is a bona fide issue requiring a trial. Therefore, the defendants' motion should be granted in its entirety, it should be declared that the plaintiffs' constitutional and statutory rights have not been violated, and the complaint should otherwise be dismissed.

MOLLEN, P. J., LAWRENCE and KUNZEMAN, JJ., concur.

Ordered that the appeal from the order entered April 29, 1985 is dismissed, without costs or disbursements, as no appeal lies from an order made upon reargument of a decision; and it is further,

Ordered that the order entered September 10, 1985 is reversed insofar as appealed from, on the law, without costs or disbursements, it is declared that the plaintiffs' constitutional and statutory rights have not been violated, and the complaint is otherwise dismissed; and it is further,

Ordered that the order entered September 10, 1985 is affirmed insofar as cross-appealed from, without costs or disbursements.