■ MADELEINE L. FRANCIS, Respondent, v ROBERT S. FRANCIS, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Dachenhausen, J.), dated January 23, 1986, which, *inter alia,* after a nonjury trial, awarded to the plaintiff wife maintenance, child support, arrears of maintenance and child support, a distributive award of marital property arising out of the husband's pension and thrift accounts, and counsel fees.

Ordered that the judgment is modified, on the facts, by (1) deleting from the eighth decretal paragraph thereof the words "the sum of $50.00", and substituting therefor "the sum of $25.00"; (2) deleting the ninth decretal paragraph thereof and substituting therefor (a) a provision awarding the wife the sum of $1,342.38 as a distributive award of the husband's thrift account, to be paid by the husband, his executors or assigns at the rate of $50 per month, the first of such payments to be made 30 days after the date of the judgment and monthly thereafter on the same day of each and every month until the entire sum of $1,342.38 is paid in full; and (b) a provision that the husband shall pay to the wife one half of a percentage of the amount of each pension benefit, when received by him, less taxes, that percentage to be derived by dividing the number of months the parties had been married before the commencement of this action and during which the

husband earned credits toward his pension by the number of months of credits that the husband will have earned toward his pension as of the date of his retirement; and (3) deleting from the fourteenth decretal paragraph thereof the words beginning with the phrase "within 90 days" and ending with the phrase "the sum of $4,500.00", and substituting therefor "as and for counsel fees and expenses, the total sum of $4,500.00 to be paid in four installments of $1,125.00 each, every three months until the entire sum of $4,500.00 is paid in full"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the defendant's time to make the first installment payment with respect to counsel fees is extended until 30 days after service upon him of a copy of this decision and order, with notice of entry.

The parties were married on November 14, 1964, and separated in August 1984. There are three children of the marriage, two boys and one girl, who at the time of trial were ages 18, 16 and 10, respectively. The wife commenced this action on August 22, 1984, and upon her later motion for pendente lite relief, by order dated January 7, 1985, was awarded temporary maintenance in the sum of $50 per week, and temporary child support in the sum of $125 per week.

Following a nonjury trial, by judgment dated January 23, 1986, the wife was awarded, *inter alia*, (1) maintenance in the sum of $125 per week; (2) child support in the total sum of $150 per week; (3) the sum of $7,225 representing accrued arrears in maintenance and child support to be paid in installments of $50 per week until the sum was paid in full; (4) the sum of $7,312.39 as a distributive award of the marital property arising out of the husband's vested but unmatured interest in a pension plan and his vested interest in his employer's thrift savings plan, and (5) the sum of $4,500 for counsel fees and expenses.

Based upon our assessment of the circumstances of the parties as revealed by the evidence in the record, we conclude that modification of the judgment is required as to payment in view of the husband's lack of available assets to meet his obligations under the judgment of divorce with respect to the arrears in maintenance and child support, and the distributive award *(see, Kobylack v Kobylack,* 62 NY2d 399). We agree with the trial court's determination as to the amounts awarded for maintenance, child support and counsel fees, and the reasons for its decision based upon consideration of the various statutory criteria and the evidence presented.

We conclude, however, that in view of all the obligations to be met by the husband under the terms of the judgment of divorce, the schedule of payments imposed by the trial court does not leave the husband with sufficient funds to maintain himself and meet his own reasonable expenses in a separate household. Accordingly, in order to reduce the total amount of monthly payments to be made by the husband to the wife, the trial court's determination that the husband be required to pay the sum of $50 per week in reduction of the arrears representing maintenance and child support should be modified by reducing that amount to $25 per week until the sum of $7,225 is paid in full.

As to the distributive award of $7,312.39, we agree with the trial court that the wife is entitled to receive 50% of the present value of the husband's vested interest in the thrift savings plan provided by the employer, Medical Laboratory Automation. As noted by the trial court, the evidence at trial established that the present value of that interest is $2,684.77 entitling the wife to an award in total sum of $1,342.38, and we direct the husband to pay to the wife the sum of $50 per month until the entire sum is paid in full.

As to that aspect of the distributive award arising from the wife's entitlement to a portion of the husband's vested, unmatured pension benefits, we note that the wife concedes in her brief on this appeal that this branch of the award should be modified pursuant to the case of *Majauskas v Majauskas* (61 NY2d 481) so as to provide her with payment when the husband receives those benefits. Accordingly, the judgment should be modified to provide that payments of a portion of the husband's pension benefits, when received, should be made by the husband to the wife and be measured against the payment received by him less taxes. The wife's entitlement is to be measured by the period between the date of the marriage and commencement of the action and during which the husband acquired credits toward his pension *(Majauskas v Majauskas, supra,* at 487-488).

With respect to counsel fees and expenses, in order to further enable the husband to meet his obligations hereunder, we conclude that the total sum of $4,500 should be paid in four equal installments at three-month intervals, rather than in a lump sum.

We have considered the husband's remaining contentions and find them to be without merit. Niehoff, J. P., Weinstein, Rubin and Kooper, JJ., concur.