■ HAROLD J. CONKLIN, Respondent, v ANN CONKLIN, Appellant. — In a proceeding, *inter alia,* for a downward modification of an order of support, the appeals are (1) from an order of the Family Court, Westchester County (Donovan, J.), entered April 29, 1982, which, after a hearing, *inter alia,* granted the petitioner husband's application, effective June 1, 1981, and directed appellant wife to pay $1,000 as counsel fees for the petitioner and (2) from an order of the same court, entered July 16, 1982, which denied her motion to, *inter alia,* relieve her from the order entered April 29, 1982, upon the ground of newly discovered evidence. Order entered July 16, 1982, affirmed, without costs or disbursements. No opinion. Order entered April 29, 1982 modified, on the law, by deleting therefrom the third, fourth, fifth, sixth, seventh, eighth, ninth and eleventh decretal paragraphs, and by substituting therefor a provision that the downward modification of petitioner's support obligation to $40 per week is to be effective as of June 29, 1981, that the prior order of support, dated January 23, 1981, shall be deemed amended as of that date, and that petitioner's application for counsel fees is denied. As so modified, order affirmed, without costs or disbursements, and proceeding remitted to the Family Court, Westchester County, for entry of an appropriate order in accordance herewith. By order dated January 23, 1981 the Family Court, Westchester County, awarded appellant support from petitioner in the amount of $65 per week. On June 29, 1981 petitioner applied for a downward modification of his obligation of support, upon the ground that after January 23, 1981 he had become unemployed, his only income then being unemployment benefits. That application was dismissed by Judge Bersani on July 20, 1981, "for failure to prosecute." In August, 1981 petitioner was hospitalized for the treatment of a cancerous skin growth, and on October 6, 1981, he suffered a

heart attack. As a result, petitioner was disabled and his only source of income is the disability benefit he receives through his former employer. By petitions dated January 14 and January 20, 1982, he again requested that the Family Court, Westchester County, modify its prior order of support dated January 23, 1981. The matter came on for a hearing before Judge Donovan on March 12, 1982, at which time appellant's counsel argued that relief should be barred to petitioner because his prior petition for the same relief, which was based upon the same facts, had been dismissed on the merits. The court accepted petitioner's explanation for his prior nonappearance before Judge Bersani and vacated the order dismissing the June 29, 1981 petition. Apparently petitioner was unrepresented on July 20, 1981, the day the prior petition appeared on the calendar, because he came to the courthouse without counsel. When the case was called, he was in the lobby of the building, he did not hear the call, and he was unaware that he was supposed to appear before Judge Bersani. At the close of the hearing the court ruled that the order of support dated January 23, 1981 would be modified retroactively to June 1, 1981, so that the amount due from June 1, 1981 to October 6, 1981, would be $15 per week and the amount due from October 6, 1981 to March 12, 1982, would be $20 per week. Effective March 12, 1982, the date of the hearing, petitioner's entire support obligation to appellant would be $40 per week. In addition to provisions in accordance with the foregoing, the order under review, entered April 29, 1982, upon the court's oral decision, also made an award of $1,000 for petitioner's counsel fees to be paid to his attorney by appellant. The court properly vacated the order of July 20, 1981 dismissing petitioner's prior application for a downward modification of his support obligation. The application for vacatur did not have to be made to the Judge who issued the order since it was made upon a default (CPLR 2221, subd 1). Considering the circumstances of the default, and in particular the fact that petitioner was then apparently unrepresented, it was not an abuse of discretion to vacate the order. It was improper, however, to modify the prior support order retroactively to June 1, 1981. A support order may be modified *nunc pro tunc* to the date of the application for modification (*Martin v Martin,* 82 AD2d 431). However, a court may not alter a support obligation which matured and became due and owing prior to the date of such an application (*Harris v Harris,* 259 NY 334). The reduction of petitioner's support obligation to $40 per week is appropriate, given his income and failing health. Accordingly, the order of support dated January 23, 1981, is modified to $40 per week, retroactively, as of June 29, 1981, the date of the original petition for a downward modification. The proceeding is remitted to the Family Court, Westchester County, so that it may determine any arrearage due, and for the entry of an order accordingly. The award of counsel fees was inappropriate under the circumstances herein. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.