■ JOSEPH CATALDI, Appellant, v PAMELA SHAW, Respondent. — In a support enforcement proceeding, the plaintiff husband appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Geiler, J.), dated February 17, 1982, as awarded the defendant wife a money judgment for $3,300 in support arrears, a wage deduction against the husband and his employer pursuant to section 49-b of the Personal Property Law, and $1,500 in counsel fees; and (2) from an order of the same court dated May 24, 1982, which awarded the wife an additional $1,000 in counsel fees conditioned upon perfection of an appeal from its prior order. Order dated February 17, 1982, affirmed, insofar as appealed from, without costs or disbursements. Order dated May 24, 1982, reversed, on the law, without costs or disbursements, and application for additional counsel fees denied, without prejudice to reapply at Special Term for said fees. Plaintiff husband claims that he is entitled to a suspension of his maintenance and support obligations and a cancellation of arrears. This claim is based on his contention that his former wife violated the terms of their separation agreement and interfered with his visitation rights by moving to Massachusetts with their three minor children. The subject separation agreement is dated April 5, 1977. It survived and was not merged in the final judgment of divorce dated August 30, 1977. Pursuant to the separation agreement, the wife was awarded "absolute custody" of their three minor children with the husband entitled to liberal visitation rights set forth in detail. The wife was also awarded exclusive use and possession of the former marital premises, and agreed "that she will not at any time, except for bona fide reason, permanently establish residence with the children at any point outside the counties of Nassau, Suffolk, Kings or Queens". The wife decided to move to Massachusetts after a request by her employer to relocate. Before moving, she advised her former husband, told him that she expected the move to be temporary, and told him that she would have the children back in New York as often as possible. In fact, she exerted great effort and brought the children to New York for frequent and regular visitation with their father. Under the circumstances, the husband's reliance on *Daghir v Daghir* (82 AD2d 191, affd 56 NY2d 938) is misplaced. In this case the noncustodial parent's visitation rights were respected. The wife complied with the spirit of their separation agreement, and given her commendable efforts to promote regular visitation, we find that her conduct was in the best interests of the children. Accordingly, the husband is not entitled to a suspension of his support obligations or cancellation of arrears (cf. *Strahl v Strahl,* 66 AD2d 571, affd 49

NY2d 1036; *Weiss v Weiss*, 52 NY2d 170). Furthermore, the court did not abuse its discretion in awarding attorney's fees in connection with the enforcement proceeding (Domestic Relations Law, § 238). However, there is insufficient documentation to support the amount awarded in the May 24, 1982 order. Accordingly, the wife may reapply and provide the necessary documentation to support her claim. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.