■ MARGA PAOLINI, Respondent, v RICHARD PAOLINI, Appellant. — In an action for divorce and ancillary relief, the defendant husband appeals from stated portions of a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), entered July 18, 1983, which, *inter alia,* granted the plaintiff wife custody of the infant children of the parties, exclusive possession of the marital premises, counsel fees in the sum of $3,000, and child support and maintenance in the sum of $1,200 per month, and which fixed the defendant's rights to visitation with the children. Matter remitted to the Supreme Court, Suffolk County, for compliance with the provisions of section 236 (part B, subd 6, par b; subd 7, par b) of the Domestic Relations Law; and appeal held in abeyance in the interim. Special Term shall file its findings with this court no later than

February 21, 1984. In two places relevant to this case part B of section 236 of the Domestic Relations Law declares that: "In any decision made pursuant to this subdivision, the court shall set forth the factors it considered and the reasons for its decision and such may not be waived by either party or counsel" (Domestic Relations Law, § 236, part B, subd 6, par b; subd 7, par b). Despite this clear and inflexible mandate, Special Term failed to set forth the factors it considered in making its award of child support and maintenance in the sum of $1,200 per month and the reasons for its decision. Despite our power to do so, we are disinclined to assume Special Term's function and obligations. We therefore hold the appeal in abeyance and remit the matter to Special Term to make separate awards for maintenance and child support and to comply with the terms of the statute (*Durso v Durso,* 99 AD2d 478; *Nielsen v Nielsen,* 91 AD2d 1016; *Hanford v Hanford,* 91 AD2d 829). Special Term shall file its findings with this court no later than February 21, 1984. Lazer, J. P., Thompson, Bracken and Rubin, JJ., concur.