■ ELIZABETH M. S. HARRELL, Appellant, v NORMAN T. HARRELL, Respondent.—In a matrimonial action, the plaintiff wife appeals, as limited by her notice of appeal and brief, from so much of a judgment of the Supreme Court, Nassau County (Berman, J.), entered October 13, 1984, as determined that, other than the marital premises, there was no property in possession of the parties which was subject to equitable distribution.

Judgment reversed insofar as appealed from, on the law and the facts, with costs, and matter remitted to the Supreme Court, Nassau County, for a determination of the issue of the distribution of marital assets in accordance herewith.

The evidence at trial established that shortly before the commencement of the action the defendant husband was terminated from his employment with the New York Times, and received, in consequence thereof, approximately $43,000, broken down as follows: $8,000 in severance pay, a $12,000 pension distribution, $6,500 worth of company stock, which had been issued in the names of both parties, and a distribution of $17,000 from a payroll savings account, which was also in the names of both parties. The testimony further established that the defendant retained these funds for his sole benefit, and may have secreted or dissipated them. In May 1983, for example, during the marriage and prior to the commencement of this action, the defendant opened at least one money market account in the amount of $12,000, which contained less than $2,000 by December 1983.

The defendant was unable to adequately explain the disappearance of this money, other than to claim, without evidentiary support, that he bought a new boiler for the marital premises costing something over $2,000. With that unsubstantiated exception, the defendant, who claimed to be an accountant, was unable to pinpoint how the money had been spent. At the conclusion of the trial, the trial court, *inter alia,*

granted the plaintiff wife a divorce on the ground of cruel and inhuman treatment and awarded her custody of the two minor children of the marriage, but declined to make any equitable award to her of the $43,000, on the ground that, aside from the marital premises, "[t]here appears to be nothing that this court can make any determination on with respect to any goods or material or anything else that appears to be in the possession of the plaintiff or defendant". This was error.

The money received by the defendant upon the termination of his employment and before the commencement of the instant action was clearly marital property as defined in Domestic Relations Law § 236 (B) (1) (c), which states that "[t]he term 'marital property' *shall mean all property acquired by either or both spouses during the marriage* and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held" (emphasis supplied). Trial courts do not have the discretion to refuse to distribute such property, as Domestic Relations Law § 236 (B) (5) (c) directs that "[m]arital property shall be distributed equitably between the parties, considering the circumstances of the case and of the respective parties". The mandate of the statute cannot be avoided by the wrongful conduct of one spouse in retaining, secreting or dissipating the marital assets, and that spouse will be held accountable to the other spouse for any such actions. Therefore, the instant case must be remitted to the Supreme Court, Nassau County, in order that it may make an equitable distribution of all of the marital assets. Eiber, J. P., Kunzeman, Kooper and Spatt, JJ., concur.