■ MICHAEL O'BRIEN, Appellant-Respondent, v LORETTA O'BRIEN, Respondent-Appellant.—In an action for a divorce and ancillary relief, the plaintiff husband appeals from a judgment of the Supreme Court, Westchester County (Daronco, J.), entered July 9, 1982, which, inter alia, dissolved the parties' marriage, declared that the medical school degree and license to practice medicine obtained by the husband were marital property and equitably distributed that property, and awarded the wife attorneys' and experts' fees. By opinion and order both dated February 11, 1985, this court modified the judgment by deleting therefrom those provisions which (1) declared the medical school degree and license to practice medicine to be marital property, (2) awarded the wife judgment in the amount of $188,800 against the husband as her equitable share of the value of the degree and license, (3) ordered the husband to maintain a life insurance policy for the benefit of the wife, (4) ordered the husband to pay experts' fees, and (5) remitted the matter for a determination regarding an award of maintenance (see, O'Brien v O'Brien, 106 AD2d 223). By decision and order both dated December 26, 1985, the Court of Appeals modified the order of this court by reinstating the judgment, and remitted the matter here for further proceedings (see, O'Brien v O'Brien, 66 NY2d 576).

Judgment modified, on the law and the facts, by deleting the seventh decretal paragraph thereof, and remitting the matter to the Supreme Court, Westchester County, for a hearing and findings of fact with respect to the amount of experts' fees awarded, and appeal held in abeyance and matter remitted to the Supreme Court, Westchester County, with respect to the other issues raised, for compliance with the

provisions of Domestic Relations Law § 236 (B) (5) (g). The Supreme Court shall file its findings with this court with all convenient speed.

When this appeal was originally before this court, the judgment of divorce was modified by deleting the provisions thereof that determined that the medical school degree and license acquired by the husband were marital property; that awarded the wife a judgment of $188,800, to be paid in installments over a 10-year period, representing her equitable share in the value of her husband's medical school degree and license; that directed the husband to maintain a life insurance policy on his life for the benefit of the wife in the amount of the unpaid balance of the equitable distribution award, and that ordered the husband to pay $1,000 in experts' fees *(O'Brien v O'Brien,* 106 AD2d 223, *supra).* The Court of Appeals modified this court's order by reinstating the judgment, holding that the husband's medical school degree and license are marital property, and remitted the case to this court for a review of the facts, for the purposes of setting forth the statutory factors which are relevant to the award of marital property and the reasons for the determination, and for consideration of whether an award of experts' fees is warranted, and, if so, for a determination of the proper amount thereof *(O'Brien v O'Brien,* 66 NY2d 576, *supra).*

As noted by the Court of Appeals *(O'Brien v O'Brien, supra,* at p 589), the trial court's factual findings with respect to the valuation of the husband's medical school degree and license were supported by the evidence. However, in distributing the value of that license, the trial court failed to obey the mandate of Domestic Relations Law § 236 (B) (5) (g) by not setting forth the factors it considered and the reasons for its decision. Although this court has the authority to make the determination omitted by the trial court *(see, Kobylack v Kobylack,* 62 NY2d 399, 403; *Majauskas v Majauskas,* 61 NY2d 481, 493-494), we decline to do so where, as here, there is no indication in the record of the trial court's reasoning *(see, Dolan v Dolan,* 101 AD2d 824; *Hornbeck v Hornbeck,* 99 AD2d 851; *Nielsen v Nielsen,* 91 AD2d 1016). Accordingly, the matter is remitted to the Supreme Court for compliance with Domestic Relations Law § 236 (B) (5) (g), and the appeal is held in abeyance in the interim.

The matter is also remitted for a hearing and findings of fact with respect to the amount of experts' fees awarded, for although an award of experts' fees was appropriate under the circumstances *(see,* Domestic Relations Law § 237), the defen-

dant failed to make an adequate showing as to the value of the expert services rendered *(see, Cataldi v Shaw,* 93 AD2d 875; *Anderson v Anderson,* 115 Misc 2d 294). Thompson, J. P., Weinstein, Niehoff and Lawrence, JJ., concur.