■ MARLENA S. CHASNOV, Appellant, v GERSON S. CHASNOV, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals from (1) a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated May 28, 1985, which granted the plaintiff a judgment of divorce, and (2) so much of an order and judgment (one paper) of the same court,

dated September 6, 1985, as denied the plaintiff's motion to reopen the trial of the underlying action and granted the parties ancillary relief.

Ordered that the appeal from the judgment dated May 28, 1985, is dismissed, without costs or disbursements, as the plaintiff is not aggrieved by that judgment (see, CPLR 5511); and it is further,

Ordered that the order and judgment dated September 6, 1985, is modified, on the law, by deleting the fourth and fifth decretal paragraphs thereof; as so modified, the order and judgment dated September 6, 1985, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The order and judgment dated September 6, 1985, which purports to be a final order and judgment in this matrimonial action, is deficient in several respects. First, the court failed to determine the respective rights of the parties in their separate or marital property and provide for the disposition thereof, except to the extent of permitting each party to retain the personal property in his or her possession. Absent a prior agreement by the parties, such a determination and distribution is mandatory (see, Domestic Relations Law § 236 [B] [5] [a]; Harrell v Harrell, 120 AD2d 565). Second, the judgment provides that the defendant husband shall pay to the plaintiff wife one half of the mortgage payments on the marital residence, including taxes and homeowners insurance, "as and for the support of the infant children of the marriage residing with Plaintiff". Such open-ended payments are improper (see, Scheer v Scheer, 130 AD2d 479; Weinstein v Weinstein, 125 AD2d 301; Rogers v Rogers, 116 AD2d 710). Third, the court failed to set forth the factors it considered and the reasons for its determination with regard to the plaintiff's requests for equitable distribution, maintenance and child support (see, Domestic Relations Law § 236 [B] [5] [g]; [6] [b]; [7] [b]; O'Brien v O'Brien, 120 AD2d 656; Dolan v Dolan, 101 AD2d 824; Paolini v Paolini, 99 AD2d 742). Although this court has the authority to make the required determination omitted by the trial court (see, Kobylack v Kobylack, 62 NY2d 399, 403; Majauskas v Majauskas, 61 NY2d 481, 493-494), we decline to do so where, as here, there is no indication in the record of the trial court's reasoning (see, O'Brien v O'Brien, supra; Dolan v Dolan, supra; Hornbeck v Hornbeck, 99 AD2d 851). In preparing a new order and judgment, the trial court's attention is directed to 22 NYCRR 202.50 (b).

Finally, we note that the trial court's decision to deny the plaintiff's request to reopen the trial does not constitute an abuse of discretion. Thompson, J. P., Brown, Niehoff and Spatt, JJ., concur.