■ IRVING GOLDBERG, Appellant-Respondent, v GLORIA GOLDBERG, Respondent-Appellant.—In an action for a divorce and ancillary relief, the parties cross-appeal from a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered February 5, 1987, which granted a divorce to each party and granted ancillary relief.

Ordered that the judgment is modified, on the law, by deleting the third, fourth, fifth, sixth, seventh and eighth decretal paragraphs thereof; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new determination consistent herewith; pending that new determination the plaintiff husband shall continue to pay the defendant wife $125 per week as maintenance as provided for in the judgment appealed from.

While we would affirm those portions of the judgment which

granted mutual divorces, the remaining portions of the judgment which provided ancillary relief are deficient in several respects. In equitably distributing the marital assets, the court failed to set forth all of the assets of the respective parties, ignoring such items as the plaintiff's bank accounts and the defendant's pension. Moreover, as to certain items such as the marital residence and the defendant's bank accounts, the court appears to have awarded those items to the defendant based upon the fact that title to them was in her name. The court's obligation under the Equitable Distribution Law (Domestic Relations Law § 236 [B]) is not to determine who holds title to property, but to determine whether it is marital or separate property and if the former, to provide for its equitable distribution between the parties *(see, Price v Price,* 69 NY2d 8). Further, in rendering an award of maintenance to the defendant, the court referred only to the plaintiff's income and the length of the marriage, without indicating whether it had taken into consideration the fact that the defendant had been employed full time for about 15 years.

Based upon this record, we find that the trial court failed to adequately set forth the factors it considered and the reasons for its determination with regard to the equitable distribution of the marital property and the award of maintenance *(see,* Domestic Relations Law § 236 [B] [5] [g]; [6] [b]) and, accordingly, we remit the case to the Supreme Court, Nassau County, for a new determination *(see, Kobylack v Kobylack,* 62 NY2d 399; *Chasnov v Chasnov,* 131 AD2d 624). In light of the fact that the parties' relative financial circumstances are to be reconsidered and the equitable distribution and maintenance awards are to be redetermined, the trial court shall also reevaluate the awards of counsel fees and maintenance arrears to the extent necessary in light of its redetermination. Mangano, J. P., Brown, Kooper and Balletta, JJ., concur.