■ CAROLYN FRANCIS, Respondent, v WILLIAM FRANCIS, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Modugno, J.H.O.), entered February 9, 1988, as awarded the plaintiff wife child support in the sum of $65 per week per child, declared the marital residence and the proceeds of a certain bank account marital property, distributed the proceeds of that bank account equally between the parties, granted the wife exclusive possession of the marital residence until such time as the children attain the age of 21 years or are emancipated, and denied his application for credit for overpayment on a judgment of arrears.

Ordered that the appeal is held in abeyance, and the matter is remitted to the Supreme Court, Queens County, for compliance with the provisions of Domestic Relations Law § 236 (B) (5) (g); (7) (b).

After a hearing at which both sides presented evidence, the Judicial Hearing Officer determined, *inter alia,* that the marital residence and the funds in the defendant's individual

account at a savings bank were marital property and were to be equally divided between the parties, and that the defendant's total child support obligation was to be reduced from $166 per week to $130 per week.

Domestic Relations Law § 236 (B) (5) (g) requires that: "[i]n any decision made pursuant to this subdivision, the court shall set forth the factors it considered and the reasons for its decision and such may not be waived by either party or counsel". In the instant case, although the court stated that it had considered all of the factors enumerated in Domestic Relations Law § 236 (B) (5) (d), it failed to set forth the factors it considered in determining the respective rights of the parties in their separate or marital property and the reasons for its decision as required. In addition, in determining that a reduction of child support was warranted, the court failed to set forth the factors it had considered under Domestic Relations Law § 236 (B) (7) (a) or to indicate the reasons for its decision on that issue (see, Chasnov v Chasnov, 131 AD2d 624; O'Brien v O'Brien, 120 AD2d 656; Dolan v Dolan, 101 AD2d 824; Paolini v Paolini, 99 AD2d 742).

Although this court has the authority to make the necessary determinations (see, Kobylack v Kobylack, 62 NY2d 399, 403; Majauskas v Majauskas, 61 NY2d 481, 493-494), we decline to do so in this case. This matter is remitted to the Supreme Court for the purpose of making findings and "a detailed record of the court's reasoning" (Dolan v Dolan, supra, at 825), in compliance with the relevant provisions of the Domestic Relations Law. The appeal is held in abeyance pending receipt of the findings. Mangano, J. P., Brown, Kunzeman and Kooper, JJ., concur.