(February 27, 1989)

ROSE ANNIS, Appellant, v WINSLOW W. ANNIS, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Westchester County (DiFede, J.H.O.), dated March 5, 1987, which, inter alia, directed a distributive award in her favor in the amount of only $46,733.50.

Ordered that the judgment is modified by deleting the third and fourth decretal paragraphs thereof; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing to determine which of the parties' assets constitute marital property, and for a redistribution of those assets in accordance with the provisions of Domestic Relations Law § 236 (B) (1) (c); (5) (g).

Although this action was commenced in October 1981, and the trial commenced in November 1986, the court chose October 28, 1983 as the date of valuation of the stock portfolio held by the defendant, the major asset of the marriage. While there are no strict rules mandating the use of a particular valuation date in the consideration of marital assets and the

trial court is vested with great discretion as to an appropriate date in light of the circumstances presented *(see,* Domestic Relations Law § 236 [B] [4] [b]; *Siegel v Siegel,* 132 AD2d 247; *Wegman v Wegman,* 123 AD2d 220, *mot to amend remittitur granted* 123 AD2d 238), the record fails to reflect any cogent reason for the selection of a valuation date which was some two years after the commencement of the action and three years prior to the trial. The Supreme Court is hereby directed to select a date within the guidelines set forth in *Wegman v Wegman (supra; see also, Siegel v Siegel, supra; Marcus v Marcus,* 137 AD2d 131) and to detail its reasons for its preference for the date selected.

Domestic Relations Law § 236 (B) (1) (c) states that "marital property" includes "all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held". In the instant case there was testimony that the defendant husband cashed in two life insurance policies for a total of approximately $4,500 in 1981 and that he changed the beneficiary on a third life insurance policy from the plaintiff to a friend. Although these policies constituted marital property, not only did the court fail to make a valuation of that third policy, it also failed to make any distributive award of the three policies. This was error. Further error was committed when the court failed to adequately analyze to what extent certain bank accounts opened by the plaintiff in the names of herself and the children, her Technicon stock, and an individual retirement account she opened with the proceeds of her pension and profit-sharing plan from her previous employer, as well as various other rollover accounts, constituted marital property. The court also erred in treating a $32,000 certificate of deposit held by the defendant as a separate asset for distribution, since that amount was derived from the stock portfolio and had already been disposed of by the court's distribution of the stock portfolio.

Although the court purportedly awarded the plaintiff a share of one of the defendant's pension plans, it failed to make a valuation on a second pension plan in which he admitted participation, and that had been valued by the plaintiff's expert. Despite the defendant's hearsay statement, which was excluded from evidence, that the union had informed him that he was "disclaimed" from this second pension, we conclude that the court should have determined the defendant's interest in the plan, set a value thereon, and

made a distribution thereof. With respect to both plans, the court may, if funds are available, order the distribution to the plaintiff of an equitable portion of the present value of the defendant's pension rights earned during the marriage, or it may order that a portion of each monthly benefit be paid to the plaintiff, which, it is apparent from the court's decision, it attempted to do. In the event the latter option is selected, then the court is directed to calculate its award in conformity with the formula set forth in *Majauskas v Majauskas* (94 AD2d 494, 497-498, *affd* 61 NY2d 481).

Domestic Relations Law § 236 (B) (5) (g) requires that: "[i]n any decision made pursuant to this subdivision, the court *shall* set forth the factors it considered and the reasons for its decision and such may not be waived by either party or counsel" (emphasis supplied). In the instant case, although the court alluded to some of the facts, it failed to adequately set forth in a clear and comprehensive manner the factors it considered in determining the respective rights of the parties in their separate or marital property or the reasons for its decision as required *(see, Chasnov v Chasnov,* 131 AD2d 624; *Harrell v Harrell,* 120 AD2d 565; *Coffey v Coffey,* 119 AD2d 620; *Paolini v Paolini,* 99 AD2d 742; *D'Amato v D'Amato,* 96 AD2d 849).

Although this court has the authority to make the necessary determinations *(see, Majauskas v Majauskas,* 61 NY2d 481, 493-494, *supra; Kobylack v Kobylack,* 111 AD2d 221), we decline to do so absent a detailed record of the court's reasoning. Accordingly, we remit this matter to the Supreme Court for the purpose of making further findings, valuations and distribution in accordance herewith and in compliance with the relevant provisions of the Domestic Relations Law.

We have examined the remaining contentions of the plaintiff and find them to be without merit. Thompson, J. P., Kunzeman, Spatt and Balletta, JJ., concur.