■ LEONARD WILNER, Appellant, v CHARLOTTE WILNER, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals from stated portions of a judgment of the Supreme Court, Queens County (Zelman, J.), entered April 13, 1989, which, *inter alia,* directed him to pay permanent maintenance and a distributive award.

Ordered that the appeal is held in abeyance and the matter is remitted to the Supreme Court, Queens County, for further findings consistent herewith.

The trial court failed to set forth the factors it considered in making its determination as to equitable distribution and the reason for its decision as required by Domestic Relations Law § 236 (B) (5) (g) *(see also, Brundage v Brundage,* 100 AD2d 887). That statute obliges courts to set forth the factors considered and the reasons underlying their decisions. That requirement may not be waived by either party or by counsel *(see,* Domestic Relations Law § 236 [B] [5] [g]). While courts are not required to analyze each of the factors enumerated in Domestic Relations Law § 236 (B) (5) (d), they are duty bound to at least set forth the factors considered and state the reasons for their decisions *(see, O'Brien v O'Brien,* 66 NY2d 576; *Cappiello v Cappiello,* 66 NY2d 107, 110; *Reina v Reina,* 153 AD2d 775).

Pending before the court at the time of trial were a motion by the defendant for leave to enter a judgment for alleged arrears with respect to a pendente lite order and a motion by the plaintiff for retroactive modification of the pendente lite order and for credit against any arrears for the $600 monthly rental income generated by the martial residence, which was received by the plaintiff. In commingling findings with respect to the motions along with findings with respect to equitable distribution, the trial court failed to render an explanation for its distribution of 75% of the marital assets to the defendant and 25% to the plaintiff. Among the other factors for which an explanation is sought on the remittitur are the directive that the plaintiff cash in his whole life insurance policy, with the proceeds thereof to be distributed to the parties, the reasons for awarding the defendant the sum of $200 per week maintenance plus carrying charges on the former marital residence, the court's failure to specify a time limitation within which the former marital residence must be sold, and its failure to provide for the distribution of future rental income to be generated by the former marital residence prior to the court-ordered sale of the residence. Thompson, J. P., Kunzeman, Lawrence and Balletta, JJ., concur.