■ TAREK JABRI, Appellant-Respondent, v AUDREY F. JABRI,

Respondent-Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (DiFede, J.H.O.), dated October 8, 1987, as, *inter alia,* (1) directed that the parties' children be raised in the Muslim faith, but only to the extent that the children "shall be amenable thereto", (2) granted him visitation upon the condition that the "children are willing to attend visitation", (3) directed the payment of child support of $50 per week per child, and (4) equitably distributed the marital property. The plaintiff wife cross-appeals, as limited by her brief, from so much of the same judgment as denied her request for counsel fees.

Ordered that the appeal is held in abeyance and the matter is remitted to the Supreme Court, Westchester County, for further findings consistent herewith.

We find that the trial court failed to adequately set forth the factors it considered and the reasons for its determination with regard to the equitable distribution of the marital property, and the award of child support *(see,* Domestic Relations Law § 236 [B] [5] [g]; [7] [a]). For example, while there was sharply disputed testimony in regard to whether approximately $200,000 maintained by the parties in a Chemical Bank account was derived from the defendant's inherited property, or from the parties' earnings during the marriage, the trial court failed to indicate which party's testimony it found to be credible. The court further failed to make clear and specific findings as to whether any of the plaintiff's earnings were deposited in the account, and to what extent, if any, the account constituted marital property. Moreover, while the defendant concededly withdrew all of the funds in the Chemical Bank account prior to trial, the court failed to make any determination as to whether the funds were withdrawn for legitimate marital purposes, or whether the husband's use of the funds constituted a wasteful dissipation of marital property *(see, Lenczycki v Lenczycki,* 152 AD2d 621; *Contino v Contino,* 140 AD2d 662; *Harrell v Harrell,* 120 AD2d 565).

Although this court has the authority to make the necessary findings *(see, Dunne v Dunne,* 172 AD2d 482; *Annis v Annis,* 147 AD2d 668), we decline to do so in this case. Factfinding is the obligation of the trial court *(see, Goldberg v Goldberg,* 143 AD2d 66), and we should require it to make appropriate findings and provide us with its reasoning so that we may intelligently review its decision *(see, Kluge v Kluge,*

159 AD2d 968; *Annis v Annis, supra; Chasnov v Chasnov,* 131 AD2d 624). Accordingly, we remit the matter to the Supreme Court for the purpose of making more detailed factual findings, and setting forth reasons for its equitable distribution and child support awards.

No other issues are reached at this juncture. Mangano, P. J., Eiber, Balletta and O'Brien, JJ., concur.