■ In the Matter of DIANE M. HOLMES, Appellant, v GREGORY M. HOLMES, Respondent. [621 NYS2d 129] —Crew III, J. Appeal from an order of the Family Court of Saratoga County (James, J.), entered August 31, 1993, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for support of the parties' children.

The relevant facts are set forth in this Court's prior decision in this matter *(see,* 184 AD2d 185). When this matter was last before us, we found that on an annual basis respondent had physical custody of the parties' two children approximately 40% of the time and petitioner had physical custody of the children approximately 60% of the time. Based upon this finding, a majority of the Court concluded that it would be inappropriate to label petitioner the primary caretaker and concluded instead that the parties, having created a joint custody situation similar to the split custody situation found in *Matter of Kerr v Bell* (178 AD2d 1), were simultaneously custodial and noncustodial parents. A majority of the Court declined the invitation to hold that the Child Support Standards Act (hereinafter CSSA) had no application to joint custody situations and remitted the matter for a new determination as to child support. Upon remittal, the Hearing Exam-

iner completely recalculated the parties' entire support obligation. The parties filed objections, which were sustained in part, and this appeal by petitioner followed.

From reviewing the record on this appeal, it is apparent that there was some confusion as to the scope of this Court's remittal. Although the majority's prior decision in this matter specifically took issue with Family Court's application of the statutory percentage to that portion of the parties' combined parental income in excess of $80,000, the majority intended to remit this matter for a *de novo* determination as to child support. Thus, petitioner's claim that Family Court's task upon remittal was limited to justifying its application of the statutory percentage to that portion of the parties' combined parental income in excess of $80,000 and making express findings as to the children's actual needs is lacking in merit.

In recalculating the child support obligation, however, Family Court was obligated to both follow the statutory guidelines set forth in the CSSA and make the findings required by this Court's remittal. This Family Court failed to do. First, it is apparent from a review of the Hearing Examiner's decision that he did not apply the statutory percentage to the *combined* parental income up to $80,000 as required by Family Court Act § 413 (1) (c) (1). Instead, the Hearing Examiner separately applied the statutory percentage to each party's adjusted income and, in so doing, necessarily applied the statutory percentage to income in excess of $80,000. As we made clear in our prior decision in this matter, application of the statutory percentage to that portion of the parties' combined parental income in excess of $80,000 requires that the Hearing Examiner and Family Court first make express findings as to the children's actual needs.* No such findings were made here and, inasmuch as the record contains no additional proof, we again lack a record that is sufficiently detailed to permit this Court to make such findings. Thus, we are without any basis to determine the propriety of the award ultimately made by Family Court in this matter. Accordingly, this matter must again be remitted to Family Court for a detailed explanation of the methodology employed in computing the parties'

---

* Although the Hearing Examiner's decision makes reference to the children's actual expenses, it makes no express findings as to the children's actual needs. Further, the only expense noted for the children was petitioner's greater shelter expense. Not only did Family Court vacate that portion of the Hearing Examiner's award, but petitioner's allegedly greater shelter expense was not an appropriate consideration in the first instance *(see, Lenigan v Lenigan,* 159 AD2d 108, 111).

support obligation and, further, a reasoned elaboration as to its treatment of the parties' combined parental income in excess of $80,000, taking care to make the appropriate findings and, if necessary, adducing further proof.

Mikoll, J. P., Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision.