■ SHUBHAD DALVI, Respondent, v VASANT DALVI, Appellant. [625 NYS2d 636] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an amended judgment of the Supreme Court, Queens County (Miller, J.), dated August 13, 1993, as, after a nonjury trial, granted the plaintiff wife a divorce on the ground of cruel and inhuman treatment, equitably distributed the marital assets, directed him to pay one-half of any college expenses incurred by the parties' children, and directed him to procure a life insurance policy naming the infant children as beneficiaries.

Ordered that the amended judgment is modified, on the law, by deleting therefrom the sixth through eighth and the tenth through fourteenth decretal paragraphs; as so modified, the amended judgment is affirmed insofar as appealed from, with costs payable to the defendant, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The plaintiff wife and the defendant husband were married in January 1972. There are two children of the marriage, born in June 1973 and June 1977, respectively. After hearing the conflicting testimony of the parties, the trial court, crediting the plaintiff's testimony as to several instances of violence by

the defendant against her, granted her a divorce on the ground of cruel and inhuman treatment. This determination has support in the record, and there is no basis to disturb it *(see, Tortorello v Tortorello,* 133 AD2d 683; *Cataudella v Cataudella,* 74 AD2d 893).

However, the court failed to set forth the statutory factors considered in determining the respective equitable distribution rights of the parties and the reasons for its decision *(see,* Domestic Relations Law § 236 [B] [5] [g]; *Annis v Annis,* 147 AD2d 668; *Chasnov v Chasnov,* 131 AD2d 624). Although this Court has the authority to make the necessary determinations, we decline to do so under the circumstances presented here. Accordingly, the equitable distribution provisions of the amended judgment and the provisions obligating the husband to share college tuition expenses and to procure a life insurance policy naming the infant children as beneficiaries must be deleted and the matter remitted to the Supreme Court, Queens County, for further proceedings. Miller, J. P., Pizzuto, Joy and Friedmann, JJ., concur.