■ Hyoun Ik Kim, Appellant, v Sang Kim, Respondent. [626 NYS2d 217] —In an action for a divorce and ancillary relief, the plaintiff appeals from so much of a judgment of the Supreme Court, Suffolk County (Dunn, J.), entered August 17, 1993, as directed him to pay the defendant $200 per week in maintenance.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a

new determination consistent herewith and the entry of an amended judgment accordingly; and it is further,

Ordered that pending the entry of an amended judgment the plaintiff shall continue to pay the defendant $200 per week as temporary maintenance.

In rendering an award of maintenance to the defendant, the court referred only to the defendant's receipt of benefits from the Department of Social Services. Based on this record, we find that the trial court failed to adequately set forth the factors it considered and the reasons for its determination with regard to the award of maintenance (see, Domestic Relations Law § 236 [B] [6] [b]; Calicchia v Calicchia, 204 AD2d 506; Trach v Trach, 162 AD2d 678; Goldberg v Goldberg, 143 AD2d 66). This requirement cannot be waived by either party (see, Domestic Relations Law § 236 [B] [6] [b]; Conti v Conti, 199 AD2d 985, 986). The record is devoid of factors which would enable this Court to determine the Supreme Court's basis for granting the award of maintenance and, accordingly, we remit the matter to the Supreme Court, Suffolk County, for a new determination on that issue (see, Goldberg v Goldberg, supra, 143 AD2d, at 67). Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.