■ ROBERT LAPORTA, Appellant, v LISA LAPORTA, Respondent. [628 NYS2d 364] —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from stated portions of the judgment of the Supreme Court, Westchester County (Gurahian, J.), dated October 7, 1993, which, (1) awarded child support in the sum of $1,458.34 per month, (2) awarded the defendant wife maintenance in the sum of $1,791.67 per month, (3) distributed the parties' marital property, and (4) directed the plaintiff to pay "all extraordinary [health care] expenses of a nonemergency nature" for the parties' child.

Ordered that the judgment is modified by deleting the seventh, eighth, ninth, tenth, eleventh, thirteenth, fourteenth,

and twenty-second decretal paragraphs thereof; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The trial court's determination of child support, maintenance, and equitable distribution of the marital property, for the most part, is devoid of the court's reasons or the factors the court considered (see, Domestic Relations Law § 236 [B] [6] [b]; § 240 [1-b] [b] [5]; [f]; [c] [3]; Majauskas v Majauskas, 61 NY2d 481, 494; Harmon v Harmon, 173 AD2d 98, 110). Where possible, in the interest of judicial economy, we would fashion an award in these matters (see, O'Brien v O'Brien, 66 NY2d 576, 589; Jabri v Jabri, 175 AD2d 237, 238; Chasnov v Chasnov, 131 AD2d 624, 625). However, the insufficiency of the record and the contradictory facts therein preclude us from making such determinations. We note that, based on the record before this Court the determinations of the Supreme Court do not appear to be supported by the record. Hence, these matters are remitted to the Supreme Court for a new determination of maintenance, child support, equitable distribution of the marital property, and counsel fees based on the statutory factors and articulable findings (see, O'Brien v O'Brien, supra; Slankard v Chahinian, 204 AD2d 529, 531; Jabri v Jabri, supra; Harmon v Harmon, supra; Parks v Parks, 159 AD2d 841, 842).

Finally, contrary to the husband's contention, the award of prospective open-ended, unreimbursed medical expenses for the parties' child was proper (see, Domestic Relations Law § 240 [1-b] [c] [5]; Aiken v Aiken, 206 AD2d 399; Matter of Cassano v Cassano, 203 AD2d 563, 566, affd 85 NY2d 649; see also, Family Ct Act § 413 [1] [c] [5]). Pizzuto, J. P., Hart, Friedmann and Florio, JJ., concur.