■ MARGARET C. ASHHURST-WATSON, Respondent, v LANCE WATSON, Appellant. [636 NYS2d 630] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), entered August 15, 1994, which, after a hearing, (1) indefinitely suspended his visitation rights with the parties' child, (2) awarded the plaintiff wife exclusive use, possession, and ownership of the marital residence and a 1989 Volkswagen Golf automobile, and, (3) in effect, denied his request for maintenance.

Ordered that the appeal from so much of the judgment as indefinitely suspended the defendant husband's visitation with the parties' child is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the judgment is reversed insofar as reviewed, without costs or disbursements, the sixth and seventh decretal paragraphs thereof are deleted, and the matter is remitted to the Supreme Court, Orange County, for further proceedings consistent herewith.

The Supreme Court failed to state its reasons for its determinations as to equitable distribution and maintenance as required by the Domestic Relations Law (*see,* Domestic Relations Law § 236 [B] [5] [g]; [6] [b]; *Kobylack v Kobylack*, 62 NY2d 399; *Cooper v Cooper*, 217 AD2d 904; *LaPorta v LaPorta*, 216 AD2d 365; *Jabri v Jabri*, 175 AD2d 237, 238). In the interest of judicial economy we would ordinarily determine these matters (*see, O'Brien v O'Brien*, 66 NY2d 576; *LaPorta v LaPorta, supra; Jabri v Jabri, supra*). However, the insufficiency of the record herein precludes us from making such determinations. Moreover, we note that the appellant was not present at the April 25, 1994, evidentiary hearing of which he received no notice. Hence, these matters are remitted to the Supreme Court for a de novo determination of maintenance and equitable distribution of the marital property based on the statutory factors and supported by its articulable findings (*see, O'Brien v O'Brien, supra; Cooper v Cooper, supra; LaPorta v LaPorta, supra; Jabri v Jabri, supra*).

The appellant further contends that the court's visitation determination must be set aside because he was absent from the hearing at which this issue was to be tried. However, at oral argument before this Court the parties represented that a full hearing was subsequently held and a new determination was made on the issue. Therefore, the issues raised with regard to the prior, superseded visitation determination are academic, and we dismiss the appeal from so much of the judgment as determined the issue of visitation. Bracken, J. P., Rosenblatt, Miller and Krausman, JJ., concur.