■ ARTHUR KIMMEL, Appellant, v LAWRIE MIFFLIN, Respondent. [659 NYS2d 785] —In a matrimonial action in which the parties were divorced by a judgment of the Supreme Court, Kings County (Hurowitz, J.), dated February 22, 1994, the plaintiff former husband appeals (1) as limited by his brief, from stated portions of an order of the Supreme Court, Kings County (Patterson, J.), dated February 14, 1996, made upon the plaintiff former husband's post-judgment application, inter alia, to compel the defendant former wife to turn over disputed funds from her purchase of the marital home, and the defendant former wife's cross motion, inter alia, for child support, (2) as limited by his brief, from so much of an order of the same court, dated May 28, 1996, as, upon resettlement of the order dated February 14, 1996, awarded the defendant former wife child support and denied the plaintiff former husband $7,900 which was deducted by the defendant former wife from the purchase price of the marital residence, and (3) from an order of the same court, dated August 21, 1996, which denied his motion for reargument.

Ordered that the appeal from the order dated February 14, 1996, is dismissed, as that order was superseded by the order dated May 28, 1996; and it is further,

Ordered that the appeal from the order dated August 21, 1996, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated May 28, 1996, is reversed insofar as appealed from, so much of the order dated February 14, 1996, as awarded the defendant child support and denied the plaintiff $7,900 is vacated, that branch of the plaintiff's post-judgment application which was to compel the defendant to turn over $7,900 to the plaintiff is granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith; and it is further,

Ordered that the child support award in the order dated May 28, 1996, shall continue pending the court's new determination; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

On the record before us the Supreme Court's award of child support in the amount of $20,631 per year was arguably excessive (see, Domestic Relations Law § 240 [1-b] [c] [3]; [f]; Reiss v Reiss, 170 AD2d 589). However, the general inadequacy of the record with respect to the plaintiff's present ability to meet his financial burdens and the parties' conflicting contentions concerning the expenses related to the children's needs precludes us from making the appropriate determination (see, LaPorta v LaPorta, 216 AD2d 365). Accordingly, the matter is remitted for a hearing on these issues. The new income determination should be based on the most recent financial information available to the parties (see, Pauk v Pauk, 234 AD2d 280). We further note that the court failed to sufficiently articulate the reasons for its decision to apply the statutory percentage to the combined parental income over $80,000 (see, Matter of Cassano v Cassano, 85 NY2d 649, 655; Zaremba v Zaremba, 222 AD2d 500; Domestic Relations Law § 240 [1-b] [c] [3]). Additionally, since the court's previous computations were erroneous, the method used by the court in calculating the child-support obligations must be clearly stated (see, Matter of Holmes v Holmes, 210 AD2d 839).

Further, the court erred by failing to award the plaintiff $7,900, which was the amount deducted by the defendant from the purchase price of the dwelling. A stipulation of settlement which was incorporated but not merged in the parties' judgment of divorce provided that the defendant could purchase the marital residence for one half the fair market value less various expenses and adjustments. The adjustments included "any payments by the Wife for necessary capital improvements * * * made after the date of execution of this Agreement, with

the consent of the Husband which consent shall not be unreasonably withheld". Assuming that the $7,900 paid by the defendant for work done on the premises was in the nature of "necessary capital improvements" under the parties' stipulation, the defendant's failure to obtain the plaintiff's consent prior to making such improvements precluded her from deducting that amount from the purchase price *(see, Battisti v Battisti,* 175 AD2d 400). Mangano, P. J., O'Brien, Ritter and McGinity, JJ., concur.