■ JOHN SULLIVAN, Respondent, v LANA SULLIVAN, Appellant. [662 NYS2d 548] —In a matrimonial action in which the parties were divorced by judgment entered April 10, 1989, the defendant former wife appeals from (1) stated portions of an order of the Supreme Court, Nassau County (Franco, J.), entered May 7, 1996, which, after a hearing, *inter alia,* reduced the plaintiff former husband's total child support and maintenance obligation to $300 per week, and (2) so much of a judgment of the same court, entered May 23, 1996, as failed to award her interest on the support arrears.

Ordered that the order is modified by deleting the provision thereof which reduced the plaintiff former husband's total child support and maintenance obligation to $300 per week; as so modified, the order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for a new determination as to child support and maintenance in accordance with Domestic Relations Law § 236 (B) (6) and § 240; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the defendant former wife is awarded one bill of costs.

The plaintiff showed sufficient evidence for the Supreme Court to find that a downward modification of the total child support and maintenance obligation was warranted. However, when, as here, the circumstances warrant modification of child support, the Child Support Standards Act must be applied to determine the level of child support and any deviation therefrom must be explained (*see,* Domestic Relations Law § 240 [1-b] [b], [c]; *Matter of Dinkins v Mabry,* 194 AD2d 787, 789; *Matter of Alice C. v Bernard G. C.,* 193 AD2d 97, 110-111; Scheinkman, New York Law of Domestic Relations § 25.18, at 429). This was not done in the instant case.

The Supreme Court also failed to state its reasons for the amount of maintenance it awarded. Moreover, the record is insufficient to permit us to make that determination (*see,* Domestic Relations Law § 236 [B] [6]; *Ashhurt-Watson v Watson,* 222 AD2d 542).

Accordingly, the matter is remitted to the Supreme Court, Nassau County, for a new determination as to child support and maintenance. When making its awards, the Supreme Court shall specify the amount it is awarding for child support and maintenance.

The defendant's remaining contentions are without merit. Miller, J. P., Friedmann, Krausman and Florio, JJ., concur.