■ In the Matter of EVA GOMOLINSKI, Respondent, v GEORGE EKEL, Appellant. [666 NYS2d 653] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Orange County (Bivona, J.), entered January 8, 1997, which sustained the mother's objection to an order of the same court (Mandell, H.E.), dated November 26, 1996, denying her petition for an upward modification of child support, and, *inter alia,* increased his child support obligation to $82 per week.

Ordered that the order is reversed, without costs or disbursements, and *the matter is remitted to the Family Court,* Orange County, for further proceedings consistent herewith.

We agree with the father that the Family Court erred in calculating his pro rata share of the basic child support obliga-

tion for the amount of combined parental income in excess of $80,000 (*see,* Family Ct Act § 413 [1] [c] [3]). Where combined parental income exceeds $80,000, the court must calculate the child support obligation in light of the factors set forth in Family Court Act § 413 (1) (f). Here, the Family Court failed to consider the disparity between the father's financial resources and those of the custodial parent, and the fact that his gross income is substantially less than that of the custodial parent (*see,* Family Ct Act § 413 [1] [f] [1], [7]).

Moreover, in calculating the noncustodial parent's child support obligation for the amount of combined parental income in excess of $80,000, additional findings of fact must be made concerning the child's actual needs (*see, Matter of Holmes v Holmes,* 210 AD2d 839, 840). Here, the record is devoid of any testimony or findings of fact as to the increased needs, if any, of the child. In the absence of factual findings as to the child's actual needs, the Family Court erred in granting an upward modification of support.

The father's remaining contentions are either without merit or are not properly before this Court, as they are raised for the first time on appeal. Rosenblatt, J. P., Altman, Florio and McGinity, JJ., concur.