■ PATRICIA HICKEY, Respondent-Appellant, v KEVIN HICKEY, Appellant-Respondent. [681 NYS2d 601] —In an action for a divorce and ancillary relief, (1) the defendant husband appeals from so much of (a) a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered May 28, 1997, as equitably distributed his pension, and (b) a Qualified Domestic Relations Order of the same court, also entered May 28, 1998, as, upon a determination to include as marital property post-retirement improvements, a supplemental retirement allowance, Variable Supplemental Fund payments, and a disability pension, awarded the plaintiff wife 41% of his retirement benefits, and (2) the plaintiff wife cross-appeals, as limited by her brief, from so much of the same judgment as made a distribution of the value of her nursing license based upon a determination that 100% of the value of her nursing license was marital property, and valued the license at $734,389.40.

Ordered that so much of the notice of appeal as purports to appeal from the Qualified Domestic Relations Order entered May 28, 1998, is deemed an application for leave to appeal from that order, the application is granted, and the defendant is granted leave to appeal from the Qualified Domestic Relations Order; and it is further,

Ordered that the judgment is reversed insofar as appealed and cross-appealed from, without costs or disbursements, by deleting the fifth decretal paragraph thereof, and the matter is remitted to the Supreme Court, Suffolk County, for (a) a hearing and new determination on the issue of what portion of the plaintiff's nursing license constitutes marital property, (b) a recalculation of the equitable distribution of the value of that license, and (c) a recalculation of the amount of the credit to which the defendant is entitled against the plaintiff's share of his pension; and it is further,

Ordered that the Qualified Domestic Relations Order is reversed insofar as appealed from, without costs or disbursements, by deleting the seventh decretal paragraph thereof, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing and recalculation of the share of the defendant's pension to which the plaintiff is entitled.

The Supreme Court erroneously calculated the share of the defendant's pension to which the plaintiff is entitled. First, the court awarded the defendant a credit of $145,187.41 against the plaintiff's award of a share of his pension, which was comprised, in significant part, of 15% of the entire value of the plaintiff's nursing license. However, the record establishes that the license was a result, in part, of an educational process which began before the marriage. Therefore, it may not, in its entirety, be distributed as marital property (see, O'Brien v O'Brien, 66 NY2d 576; McGowan v McGowan, 142 AD2d 355). Upon remittal, the Supreme Court shall hold a hearing to determine the number of credits earned by the plaintiff toward the license before the marriage, and to recalculate both the defendant's share of the license, and the credit to which the defendant is entitled against the plaintiff's share of his pension.

Second, without first determining the value of the defendant's pension, the court applied the defendant's credit against the pension and reduced the plaintiff's share thereof from 50% to 41%. Since the court failed to value the pension on the record, it is not susceptible to appropriate appellate review and must be vacated (see, Otto v Otto, 150 AD2d 57; Annis v Annis, 147 AD2d 668). Upon remittal, the Supreme Court shall hold a hearing to determine the value of the defendant's pension and

recalculate the share of the pension to which the plaintiff is entitled.

The parties' remaining contentions are without merit. Rosenblatt, J. P., Miller, Altman and Friedmann, JJ., concur. ·