■ Deborah Gittelson, Respondent, v Roger Gittelson, Appellant. [693 NYS2d 212] —In an action for a divorce and ancillary relief, the defendant former husband appeals, as limited by his notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Nassau County (Kohn, J.), dated December 13, 1995, which, *inter alia*, made an award of equitable distribution. By decision and order of this Court

dated February 24, 1997, the appeal was held in abeyance and the matter was remitted to the Supreme Court, Nassau County, to make detailed findings regarding its equitable distribution award [236 AD2d 588]. The Supreme Court, Nassau County, has filed its determination with this Court.

Ordered that the appeal remain held in abeyance, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith. The Supreme Court, Nassau County, shall make its determination and file the same with this Court with all convenient speed.

We previously determined in this case that the trial court had failed to sufficiently set forth the ultimate facts underlying its determination that $210,000 was withdrawn from the former husband's pension and " 'utilized for the parties' living expenses' " (*Gittelson v Gittelson,* 236 AD2d 588). On that basis, we remitted the matter to the trial court to make detailed findings to supplement its determination so that this Court would have a basis to review the allowance of $210,000, as well as the former husband's claim that approximately $102,000 was owed to the pension plan as the result of a loan made for the purchase of the marital home (*see, e.g., Jabri v Jabri,* 175 AD2d 237, 238-239; *Wilner v Wilner,* 175 AD2d 158, 159; *see generally, Matter of Cassano v Cassano,* 85 NY2d 649, 655).

Upon remittitur, the Supreme Court apparently considered these equitable distribution issues de novo, found the former husband's proof deficient, and purported to modify its original determination to the extent of disallowing the former husband the credit of $210,000 and increased the amount of the pension plan available for equitable distribution by that amount. This was improper and beyond the scope of the remittitur, the goal of which was only to obtain an explanation for the cited findings by having the court provide more detailed findings.

It was not necessary that the former husband re-prove his claims, and any attempt to introduce evidence of further alleged credits in the former husband's favor was improper and went beyond the scope of remittal and against our express finding that the former husband had not been precluded from fully presenting his proof at trial. The "further proof" contemplated in our decision was only such proof as would assist the court in carrying out the remittal directives. It was not intended to expand the evidentiary basis upon which the more detailed findings were to be made.

Therefore, we again remit this matter to the Supreme Court to set forth the facts which it found to be credible and to provide this Court with specific facts and figures which led to its

ultimate conclusion that $210,000 of withdrawn pension funds had been "utilized for the parties' living expenses" and to further explain its findings with respect to the former husband's claim of a marital mortgage debt of approximately $102,000.

The former husband is directed to re-submit to the trial court all the relevant exhibits, including the checks, checkbook registers, and bank account statements which had been received in evidence at trial, and exhibits A-1, B-1, C-1, G-1, and H-1.

The determination of the appeal is held in abeyance pending remittitur. S. Miller, J. P., Sullivan, Florio and Luciano, JJ., concur.