■ In the Matter of Robin Beal, Respondent, v Jeffrey Beal, Appellant. [704 NYS2d 512] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Lawrence, J.), dated November 4, 1998, which sustained the mother's objections to an order of the same court (Kahlon, H.E.), dated July 8, 1998,

granting the father's application for a downward modification of his child support obligation to the extent of remitting the matter to a different Hearing Examiner for a new hearing on his application.

Ordered that the order is reversed, on the law, with costs, the mother's objections to the order of the Hearing Examiner are denied, and the order of the Hearing Examiner is reinstated.

The Family Court failed to sufficiently articulate the reasons why it sustained the mother's objections to the order of the Hearing Examiner to the extent of remitting the matter to a different Hearing Examiner for a new hearing. It is unclear why the Family Court was unable to make a determination without a new hearing (*see*, Family Ct Act § 435 [a]; § 439 [c]; CPLR 4213 [b]; *Kimmel v Mifflin*, 240 AD2d 471; *Matter of Cassano v Cassano*, 85 NY2d 649; *Zaremba v Zaremba*, 222 AD2d 500).

In addition, the record supports the Hearing Examiner's finding that the father's loss of employment and subsequent change in careers, necessitated by his mental condition, affected his earning capacity and constituted a change of circumstances which warranted a downward modification of his child support obligation (*see*, *Matter of Meyer v Meyer*, 205 AD2d 784). O'Brien, J. P., Krausman, Florio and McGinity, JJ., concur.