■ DEBORAH GITTELSON, Respondent, v ROGER GITTELSON, Appellant. [707 NYS2d 502] —In an action for a divorce and ancillary relief, the defendant former husband appeals, as limited by his notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Nassau County (Kohn, J.), dated December 13, 1995, which, *inter alia,* made an award of equitable distribution. By decision and order of this Court dated February 24, 1997, the appeal was held in abeyance and the matter was remitted to the Supreme Court, Nassau County, to make detailed findings regarding its equitable distribution award (*see, Gittelson v Gittelson,* 236 AD2d 588). The first determination on remittitur failed to comply with this Court's directives and included findings that were beyond the scope of the remittitur. By decision and order of this Court dated July 26, 1999, the appeal was again held in abeyance and the matter was again remitted to the Supreme Court, Nassau County, to provide specific factual findings for certain of its legal conclusions (*see, Gittelson v Gittelson,* 263 AD2d 527). The Supreme Court, Nassau County, has filed its second determination on remittitur with this Court.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Following the Supreme Court's submission of its second report on remittitur, we are able to review the award of a credit to the appellant in the amount of $210,000, representing sums he borrowed from his pension for marital expenses. This figure represents a balance between the proof submitted by the ap-

pellant in the form of canceled pension checks totaling $264,500, less gifts the appellant made to his daughters from a previous marriage, which were nonmarital expenses. The determination of the Supreme Court was a provident exercise of discretion, as the appellant failed to establish his entitlement to any greater credit. Moreover, the Supreme Court explained that the $210,000 credit did not include the appellant's claim to $51,000, representing his one-half share of $102,000 allegedly still outstanding on a loan from his pension for the purchase of the former marital residence. In light of this explanation on the remittitur, we agree that the appellant failed to establish his entitlement to such a credit.

The appellant's remaining contentions are without merit. Sullivan, J. P., S. Miller, Florio and Luciano, JJ., concur.