■ EVELYN COLE, Respondent, v ARMANDO IRIZARRY, Appellant. [763 NYS2d 752] —Order, Supreme Court, New York County (Marjory Fields, J.), entered on or about October 29, 2001, which, inter alia, denied defendant's motions to modify the judgment of divorce by a reduction of child support and elimination of maintenance, unanimously reversed, on the law, with costs, and the matter remitted for a determination of the appropriate child support obligations. Appeal from that part of an order, same court and Justice, entered March 14, 2002, which denied defendant's motion to reargue the October order, unanimously dismissed, as taken from a nonappealable order; that portion of said order which granted plaintiff's cross motion for counsel fees on the motions resulting in the October and March orders, unanimously reversed, on the law and the facts, without costs, and vacated. Appeal from an order, same court and Justice, entered June 14, 2001, which denied defendant's motion to vacate an income execution for court-ordered child support and maintenance, unanimously dismissed, as abandoned, without costs.

Defendant seeks a downward modification of his child support obligations pursuant to Domestic Relations Law § 236 (B) (9) (b). He has presented sufficient evidence, including unrefuted medical evidence, that he can no longer perform the intense work required of a law firm associate, to establish that his determination to pursue a career as a law school professor was the unanticipated consequence of medical problems incident to his former employment, warranting the requested reduction of his support obligations (*Matter of Dupree v Dupree*, 62 NY2d 1009 [1984]; *Matter of Beal v Beal*, 270 AD2d 256 [2000]; *Sullivan v Sullivan*, 242 AD2d 619 [1997]; *Rogers v Rogers*, 162 AD2d 1008 [1990]; *Conklin v Conklin*, 90 AD2d 817 [1982]; *Rotbert v Rotbert*, 47 AD2d 666 [1975]). In this regard, defendant asserts that after making required maintenance and support payments, his current income would not leave him with adequate resources from which to pay reasonable living expenses (*Hirschman v Hirschman*, 156 AD2d 644 [1989]; *Flanter v Flanter*, 123 AD2d 626 [1986]; *La Bate v La Bate*, 62 AD2d 1068 [1978]). However, we decline to reduce any arrears of child support which accrued prior to defendant's motion for a downward modification of his obligations (Domestic Relations Law § 236 [B] [9] [b]; *see Conklin, supra* at 818).

Accordingly, we remit the matter to the trial court to

determine appropriate child support (Domestic Relations Law § 240 [1-b]), using the statutory formulae, or if necessary, explaining any deviation therefrom. Further, defendant's maintenance obligation terminated upon his ex-wife's remarriage (Domestic Relations Law § 248; *Shattuck v Shattuck*, 255 AD2d 999 [1998]; *Grossman v Merke-Grossman*, 248 AD2d 670 [1998]).

Appellant raises no challenge to the court's June 14, 2001 order, which denied defendant's motion to vacate an income execution, and he has not included the underlying motion papers within the record filed with this Court. Thus we dismiss the appeal from that order as abandoned (*Dias v Stahl*, 256 AD2d 235 [1998]; *DiPasquale v Security Mut. Life Ins. Co.*, 293 AD2d 394, 395 [2002]). Finally, we find that an award of counsel fees was inappropriate in the circumstances (*Conklin, supra*). Concur—Mazzarelli, J.P., Andrias, Saxe, Ellerin and Williams, JJ.